FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 20 2004

at 3 o'clock and 20 min. P M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00274 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS INDICTMENT |
| | ) | |
| CHARLES CASTILLIAS, | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO DISMISS INDICTMENT

I.      INTRODUCTION.

Defendant Charles Castillias seeks dismissal of the Government's two-count indictment, which accuses him of violating 18 U.S.C. § 922(g). Castillias argues that the statute, as applied to the facts of his case, is an unconstitutional exercise of Congress' Commerce Clause authority. The court disagrees and denies Castillias's motion.

II.     BACKGROUND.

Section 922(g) of Title 18 of the United States Code states, "It shall be unlawful for any person . . . who is an unlawful user or addicted to any controlled substance . . . to possess in or affecting commerce, any firearm or ammunition." The indictment alleges that Castillias violated this statute on March 4, 2004, by possessing a Savage 24-s-e .410.22 caliber combo rifle and by possessing ammunition while being an unlawful user of a controlled substance. For purposes of the present

motion, the parties stipulate that the firearm and ammunition were recovered in the State of Hawaii and that both were manufactured outside of the state.

II.     STANDARD OF REVIEW.

Rule 12(b) allows the consideration at the pretrial stage of any defense "which is capable of determination without the trial of the general issue." "A pretrial motion is generally 'capable of determination' before trial if it involves questions of law rather than fact." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986). On a pretrial motion to dismiss, the court must presume the truth of the allegations in the indictment. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). The court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, but may not invade the province of the ultimate finder of fact. Shortt, 785 F.2d at 1452.

> Under this standard, the district court must decide the issue raised in the pretrial motion before trial if it is entirely segregable from the evidence to be presented at trial. If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred. Finally, if an issue raised in a pretrial motion is not entirely segregable from the evidence to be presented at trial, but also does not require review of a substantial portion of that evidence, the district court has discretion to defer decision on the motion.

Id. (internal citations and quotations omitted).

IV.     ANALYSIS.

Section 922(g) is constitutional as applied to Castillias. Castillias argues that his mere possession of the firearm and ammunition was not an economic activity, and did not have a sufficiently substantial effect on interstate commerce to justify federal jurisdiction under United States v. Morrison, 583 U.S. 598 (2000). Castillias's arguments, however, have already been rejected by the Ninth Circuit in several similar challenges to 18 U.S.C. § 922. In those cases, the Ninth Circuit has repeatedly stated that the "minimal nexus" test of Scarborough v. United States, 431 U.S. 563 (1977), is the appropriate test for determining the constitutionality of 18 U.S.C. § 922(g). Because the allegations of the indictment meet this test, Castillias's challenge fails.

The Ninth Circuit has repeatedly held that the Scarborough "minimal nexus" test applies to § 922(g). In United States v. Rousseau, 257 F.3d 925 (9th Cir. 2001), for example, a defendant brought an as-applied challenge to § 922(g), claiming that the Government had not shown that his possession of a firearm had any individualized, substantial effect on commerce. The Ninth Circuit affirmed the conviction, finding that the Constitution required only "the minimal nexus that the firearm have been, at some time, in interstate commerce." Id. at 933

(quoting Scarborough, 431 U.S. at 575). Further, the Ninth Circuit has held that any past connection to interstate commerce satisfies the "minimal nexus" test. See United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995) (fact that gun had been stolen in a different state was sufficient to establish a past connection between the gun and interstate commerce).

In this case, the parties have stipulated that the firearm and ammunition were both recovered in the State of Hawaii and manufactured in a different state. Both items therefore moved across state lines and in the stream of interstate commerce. This minimal nexus is all that is required under Scarborough to establish jurisdiction under the Commerce Clause. See Rousseau, 257 F.3d at 933.

Like the defendant in Rousseau, Castillias claims that § 922(g) is unconstitutional as applied to the facts of his case. He argues that his possession of the firearm and ammunition did not substantially affect interstate commerce, as required by United States v. Lopez, 514 U.S. 549, 558 (1995). Castillias further points to two cases in which the Ninth Circuit has found criminal statutes unconstitutional as applied to individuals whose noneconomic conduct did not have a sufficient effect on commerce: United States v. Stewart, 348 F.3d 1132 (9th Cir. 2003) (possession of homemade machine guns), and United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003) (possession of self-produced

4

photograph depicting child pornography).

Those cases, however, are easily distinguished from the present case because of the differing jurisdictional bases for regulation of the items in question. Under <u>Lopez</u>, there are three "broad categories of activity that Congress may regulate under its commerce power." 514 U.S. at 558. These categories are: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) those activities having a substantial relation to interstate commerce. <u>See id.</u> The <u>Morrison</u> test, which requires that noneconomic activity have a "substantial effect" on commerce before Congress may exercise its Commerce Clause power, applies only to this third category. <u>See Morrison</u>, 529 U.S. at 610-11.

In both <u>Stewart</u> and <u>McCoy</u>, the Ninth Circuit addressed situations involving only the third <u>Lopez</u> category. In <u>Stewart</u>, for example, the court noted that, while some machine gun parts had moved in interstate commerce, "these components did not add up to a gun. Not even close." 348 F.3d at 1136. Because the court lacked any basis for jurisdiction under the first or second <u>Lopez</u> categories, the only remaining basis for federal jurisdiction was the purported effect of the gun's possession on interstate commerce. Applying the <u>Morrison</u> test for noneconomic activity, the Ninth Circuit found this effect too attenuated to

5

justify Commerce Clause jurisdiction.

In McCoy, the defendant posed with her ten-year-old daughter for an allegedly pornographic photograph. The Ninth Circuit, however, held that the statute prohibiting "possession of child pornography made with materials that have traveled in interstate commerce" was unconstitutional as applied to the defendant's "simple intrastate possession of a visual depiction . . . that has not been mailed, shipped, or transported interstate and is not intended for interstate distribution." 323 F.3d at 1115. Finding that the use of cameras and film that had moved in interstate commerce was insufficient to "guarantee that the final product regulated substantially affects interstate commerce," the court concluded that the situation fell under the third Lopez category. Id. Applying the Morrison test, the court found that the effect on commerce of possession of the photograph was not substantial.

In this case, by contrast, the court need not reach the third Lopez category to find a basis for federal jurisdiction. In United States v. Jones, 231 F.3d 508, 514 (9th Cir. 2000), the Ninth Circuit specifically noted that 18 U.S.C. § 922(g) "can rationally be seen as regulating the interstate transportation of firearms and ammunition and so constitutes a valid exercise of Congress' power to regulate activity in the second of these three [Lopez] categories." The court further distinguished § 922 from

6

Morrison, noting that, whereas "Section 922(g)(8) regulates the possession of firearms that travel in interstate commerce and have an effect on interstate commerce[,] . . . the statute at issue in Morrison regulates gender-motivated violence, a non-commercial activity." Id. at 515.

In this case, Castillias does not contend that he manufactured the firearm from mere parts, nor does he argue that the objects that have moved through interstate commerce are anything other than the firearm and ammunition he is charged with possessing. Under Jones, therefore, the second Lopez category provides the jurisdiction for regulation of the firearm and ammunition in this case. Further, because Morrison applies only to the third Lopez category, it is inapplicable here.

V.   CONCLUSION.

Because the Scarborough "minimal nexus" test applies to 18 U.S.C. § 922(g), the court rejects Castillias's contention that the statute is unconstitutional as applied to the facts of his case. The motion to dismiss the indictment is denied.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, December 20, 2004.

_____
Susan Oki Mollway
United States District Judge

**United States v. Charles Castillias**; Civil No. 04-00274 SOM; **ORDER DENYING MOTION TO DISMISS INDICTMENT.**

7