RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 0 1 2006
DISTRICT OF HAWAII

FILED
JUN 30 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CHARLES CASTILLIAS, <br><br> Defendant - Appellant. | No. 05-10774 <br><br> D.C. No. CR-04-00274-SOM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted June 16, 2006
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

Charles Castillias challenges his conviction under 18 U.S.C. § 922(g)(3) arguing that the search warrant executed in his case was defective for lack of probable cause as to the listed firearms and ammunition, and that his conviction involves an unconstitutional exercise of Congress's Commerce Clause power. We

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the case, and we need not recount them here.

**1. Motion to Suppress**

Castillias argues that the search warrant at issue was deficient for lack of probable cause as to the listed firearms and ammunition because the supporting affidavit contained only facts supporting probable cause as to drug trafficking, and mere opinion as to the likely presence of firearms and ammunition. We disagree.

An issuing judge's determination of probable cause is a "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Concerning the likely presence of firearms and ammunition, the issuing judge in this case properly considered the affidavit opinion of a fourteen-year police veteran with nine years of narcotics experience and related, specialized training. *See United States v. Arrellano-Rios*, 799 F.2d 520, 523 (9th Cir. 1986). Furthermore, while for purposes of a probable cause determination it might not be reasonable to infer possession of firearms merely from illegal drug possession, it is quite reasonable to do so with regards to drug trafficking, *see, e.g., United States v. Reese*, 775 F.2d 1066, 1074 n.5 (9th Cir. 1985), particularly in light of the well-

established evidentiary link between them, *see, e.g.*, *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991).

## 2. Motion to Dismiss

Castillias argues that his conviction under § 922(g) is an unconstitutional exercise of Congress's Commerce Clause power because there is insufficient evidence linking his possession of the firearm and ammunition in question to interstate commerce. As Castillias concedes that the firearm and ammunition he possessed were manufactured outside Hawai'i, his argument is foreclosed by this court's precedent. *See Younger*, 398 F.3d at 1192-93; *United States v. Jones*, 231 F.3d 508, 514-15 (9th Cir. 2000).

**AFFIRMED.**

A TRUE COPY ATTEST 7/24/06
CATHY A. CATTERSON
Clerk of Court
by: Deputy Clerk